UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| EDDIE WILLIAMS, JR. | ] | |
|---|---|---|
|     Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 3:11-0063 |
| | ] | Judge Trauger |
| RICKY BELL, et al. | ] | |
|     Defendants. | ] | |


**O R D E R**

The plaintiff is an inmate at the Riverbend Maximum Security Institution in Nashville. In January, 2011, he submitted a *pro se* § 1983 civil rights complaint (Docket Entry No.1) and an application to proceed in forma pauperis (Docket Entry No.2).

The plaintiff had, on at least six prior occasions, filed actions in federal court that were dismissed for being either frivolous or for failure to state a claim. Because the Court rejected the plaintiff's allegation of imminent danger of serious physical injury, his application to proceed in forma pauperis was denied. 28 U.S.C. § 1915(g).

In an order (Docket Entry No.3) entered January 26, 2011, the plaintiff was granted thirty (30) days in which to pay the full filing fee of three hundred fifty dollars ($350.00). He was forewarned that, in the event he failed to pay the filing fee in a timely manner, it would be assessed against him and collected from

his inmate trust account, and this action would be dismissed for want of prosecution. In re Alea, 286 F.3d 378, 382 (6th Cir. 2002).

The thirty day period has expired and the plaintiff has not yet complied with the instructions of the Court by paying the filing fee. Instead, he has filed a motion (Docket Entry No. 6) reiterating his claim of imminent danger and asking the Court to vacate its previous order.

The attachments to the complaint show that the plaintiff is receiving medical attention for his health problems. While he may disagree with the course of treatment, this does not demonstrate an imminent danger of serious physical injury. Therefore, plaintiff's motion to vacate this Court's previous order is DENIED.

The plaintiff is herewith ASSESSED the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full

filing fee has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

This action is hereby DISMISSED for failure to comply with the instructions of the Court and for want of prosecution. Rule 41(b), Fed. R. Civ. P. The Clerk is directed to send a copy of this order to the Warden of Riverbend to insure that the custodian of plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

Entry of this order shall constitute the final judgment in this case.

It is so ORDERED.

_____
Aleta A. Trauger
United States District Judge