UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

EDDIE WILLIAMS, JR.,           )
                               )
        Plaintiff              )
                               )  No. 3:11-0063
v.                             )  Judge Trauger/Brown
                               )
RICKY BELL, *et al.*,          )
                               )
        Defendants             )

### O R D E R

Presently pending before the Magistrate Judge are two motions by the Plaintiff. The first (Docket Entry 55) is a request for production of documents. It appears that this is actually a discovery request which should not be filed with the Court (*see* Local Rule 5.02) unless there is an actual dispute over the production of the material. If there is, Local Rule 37.01 should be followed. This requirement was specifically mentioned in the scheduling order in this case (Docket Entry 35, p. 4).

It appears that this is simply a request for production of documents sent to Defendant's counsel and should be responded to within 30 days. This motion is terminated as **MOOT**.

The second is a motion to compel disclosures (Docket Entry 56) to which the Defendants have responded (Docket Entry 47). This motion is **DENIED** in part and **GRANTED** in part.

In his motion the Plaintiff contends that he entered into a binding agreement with Defendants' attorney concerning his

medical records and returned the requested form on June 29, 2012. As evidence of the agreement he cites Exhibit 1, which is Docket Entry 56-1. However, this is a letter dated July 25, 2012, stating that Mr. Conder is now an attorney of record for the Defendants and directs the Plaintiff to send future correspondence to him. There is nothing in the July 25th letter that would explain the documents the Plaintiff contends he sent in response on June 29, 2012.

Secondly, the Plaintiff contends that he sent requests for production of documents on August 13, 2012, and again on September 6, 2012, Exhibits 2 and 3. Exhibit 2, which is set forth as Docket Entry 56-2, is dated August 13, 2012. The Defendants' counsel in this matter, in an affidavit (Docket Entry 57-1) specifically denies receiving any requests for production of documents dated August 13, 2012. In view of this sworn declaration, and in the absence of any proof of actual mailing by the Plaintiff either through a certified mail receipt or an institutional mail log showing mailing, the Magistrate Judge will not presume that such a request was received by the Defendants.

The Defendants admit that they received the request for discovery dated September 6, 2012, they should respond within **30 days** of its receipt.

Finally, the Plaintiff states that on August 28, 2012, he submitted a letter to the Defendants concerning the written agreement (Docket Entry 56-4). However, a copy of the alleged

2

agreement is not attached and the Defendants' attorney has entered a sworn statement that this letter was not received. Counsel did, however, state in his affidavit that he had received a signed release from the Plaintiff concerning his medical records on September 6, 2012 (Docket Entry 57-2). In face of the actual documents filed with the Court and the sworn affidavit of counsel, the Magistrate Judge is unable to find that the Defendants at this point have breached any of their duties.

Accordingly, the motion to compel (Docket Entry 56) is **DENIED**, except to the extent that the Defendants are obligated to respond to the documents received on or about September 6, 2012, in the time provided by the Federal Rules of Civil Procedure.

The Magistrate Judge would note that the Defendant Sator and Andrew have filed a motion for summary judgment (Docket Entry 52). The Plaintiff may have **28 days** to respond to this motion in accordance with the scheduling order previously entered (Docket Entry 35). If the Plaintiff believes that he needs additional time to respond he must file a motion for a specific amount of additional time and an explanation of what he needs to respond to this motion.

It would appear to the Magistrate Judge that in their motion for summary judgment the Defendants have provided a good deal of the material the Plaintiff requested in his September 6th filings.

3

The **Clerk** is directed to send the Plaintiff a copy of the Court's Local Rules.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge
